IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| STEPHANIE A. EPPS, § | |
| Plaintiff § | |
| § | CIVIL ACTION NO. 2:20-cv-22 |
| V. § | |
| § | |
| TERMORRIS Q. COLEMAN and § | ORIGINAL COMPLAINT |
| MONTGOMERY TRANSPORT, LLC § | |
| Defendants § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

COMES NOW, STEPHANIE A. EPPS, hereinafter referred to as Plaintiff, and complains of TERMORRIS Q. COLEMAN and MONTGOMERY TRANSPORT, LLC, hereinafter referred to as Defendant, whether one or more, and would respectfully file this her Original Complaint and show this Honorable Court as follows:

### I. Parties

1.1     Plaintiff, Stephanie A. Epps, is a citizen of the State of Texas and resident of Panola County in the Eastern District of Texas.

1.2     Defendant, Termorris Q. Coleman, is a citizen of the State of Alabama who may be served with process at 214 Meadow Street, York, Sumter County, Alabama 36925, or wherever he may be.

1.3     Defendant, Montgomery Transport, LLC, is a Delaware limited liability company with its principal place of business at 2563 Commerce Circle, Birmingham, Jefferson County, Alabama 35217.

1.4     Upon information and belief, this Defendant has conducted business in the United States of America and the State of Texas in a continuous and systematic manner

by providing transportation, trucking and logistics freight shipping services throughout the United States of America.

1.5   Montgomery Transport, LLC's USDOT Number is 2146709.

1.6   Plaintiff invokes the federal Motor Carrier Act which requires Montgomery Transport to "designated an agent in each State in which it operates...on whom service of process issued by a court with subject matter jurisdiction may be brought...." 49 U.S.C.A. §13304(a).

1.7   Montgomery Transport, LLC, has designated Truck Process Agents of America, Inc. as its blanket agent for service.  Defendant may be served with process by serving Maria Garcia, the Process Agent in the State of Texas for Truck Process Agents of America, Inc., at her registered address of 1519 Wyoming, El Paso, Texas 79902.

1.8   Defendant may also be served with process by serving its registered agent as designated in the State of Alabama, Rollins Montgomery, at its registered address of 2563 Commerce Circle, Birmingham, Jefferson County, Alabama 35217.

## II.   Jurisdiction and Venue

2.1   This court has subject matter jurisdiction based on complete diversity of the parties.

2.2   Plaintiff is a citizen and resident of Texas.

2.3   Defendant Coleman is a citizen and resident of the State of Alabama.

2.4   Defendant Montgomery Transport, LLC, is a citizen of the State of Delaware.

2.5   Damages to the Plaintiff exceeds $75,000.00, the minimum jurisdictional limit of this Court.

2.6   Montgomery Transport engages in intentional and/or foreseeable, continuous and systematic contacts within Texas, and Defendant is "at home" in Texas.

2.7   There is both specific and general personal jurisdiction over Defendants and exercising jurisdiction does not offend traditional notions of fair play or substantial justice.

2.8   Venue is proper and maintainable in the United States District Court for the Eastern District of Texas because a substantial part of the events or omissions giving rise to the claim occurred in the Eastern District of Texas.

### III.  Facts

3.1   On or about April 19, 2018, Plaintiff Stephanie A. Epps, was traveling in a sedan southbound in the outside lane of travel on U.S. Highway 59 South in Panola County, Texas.

3.2   Defendant Termorris Q. Coleman, driving a Kenworth tractor and towing a trailer, made a wide right turn onto U.S. Highway 59 Southbound after having stopped at a gas station and entered the inside lane of travel.

3.3   Plaintiff Epps continued traveling in the outside lane of travel and had passed the towed trailer.

3.4   Plaintiff was in the process of safely passing the tractor trailer.

3.5   Suddenly and without warning, Defendant Coleman changed lanes, entering Plaintiff's lane of travel and striking Plaintiff's vehicle.

3.6   Plaintiff received no warnings prior to the crash and was without fault when Defendant Coleman negligently caused this crash.

3.7   Plaintiff suffered multiple injuries that were the result of the incident in question.

3.8     Plaintiff continues to require medical treatment.

3.9     At the time of the wreck, Defendant Coleman was acting in the course and scope of his employment with, or under lease to, Defendant Montgomery Transport, LLC.

3.10    Defendant Coleman was driving a tractor truck owed by Defendant Montgomery Transport, LLC.

### IV. Negligence of Defendant Termorris Q. Coleman

4.1     On the day of the wreck, Defendant Coleman was driving an 18-wheeler owned by Defendant Montgomery Transport, LLC.

4.2     Defendant Coleman was driving in the course and scope of his employment with, or under lease to, Defendant Montgomery Transport, LLC.

4.3     Defendant Coleman failed to use ordinary care by various acts or omissions and/or commission, including but not limited to the following, each of which singularly or in combination, was a proximate cause of the crash in question:

        a.     Failing to keep a proper lookout;

        b.     Changing lanes when unsafe;

        c.     Failing to take evasive action or to avoid the collision in question;

        d.     Failing to yield the right of way;

        e.     Failing to properly adjust his mirrors;

        f.     Failing to properly check his mirrors to ensure no vehicle was alongside him;

        g.     Failing to use a turn signal;

        h.     Changing lanes suddenly;

        i.     Failing to anticipate the location of the exit ramp;

  j. Driving while fatigued; and

  k. Driving while distracted.

4.4 Such negligence, either singularly or in combination, proximately caused Plaintiff's damages.

## V. Negligence of Defendant, Montgomery Transport, LLC

5.1 The conduct of Defendant, Montgomery Transport, LLC, or that of its officers, agents, servants, employees, and/or representatives constitutes negligence as that term is understood in law and such conduct was the proximate cause of the crash made the basis of this suit.

5.2 At the time and on the occasion in question, Defendant, Montgomery Transport, LLC, owed a duty to exercise reasonable care, including but not limited to the following, and, by various acts and omissions, breached these duties, each of which singularly or in combination, was a proximate cause of the crash in question:

  a. In failing to ensure and enforce proper road safety rules and regulations;

  b. In failing to properly supervise its employees and/or drivers in regards to their abiding by such safety rules and regulations;

  c. In failing to properly train its employees and/or drivers in regards to driving safety and avoidance of collisions;

  d. In failing to exercise reasonable care when hiring its employees and/or drivers;

  e. In failing to properly monitor its employees and/or drivers' hours of service; and

  f. In negligently entrusting inadequately trained and experienced employees with its trucks and freight delivery assignments.


5.3     Plaintiff would show that Defendant Montgomery Transport, LLC's, failure to exercise reasonable care proximately caused the crash in question and resulting damages.

## VI.  *Respondeat Superior*

6.1     Without waiving the foregoing, Plaintiff would show that Defendant, Montgomery Transport, LLC, is liable for the conduct, acts and/or omissions of negligence of its employees, including but not limited to Termorris Q. Coleman under the Doctrine of *Respondeat Superior.*

## VII.  Damages of Plaintiff, Stephanie A. Epps

7.1     By reason of the foregoing, Plaintiff, Stephanie A. Epps, has sustained damages for which she seeks compensation as follows under the law:

  a.   physical pain and suffering sustained in the past and, in all reasonable probability, that Plaintiff will sustain in the future;

  b.   mental anguish sustained in the past and, in all reasonable probability, that Plaintiff will sustain in the future;

  c.   physical impairment/loss of capacity for enjoyment of life sustained in the past and, in all reasonable probability, that Plaintiff will sustain in the future;

  d.   medical care expenses incurred in the past and, in all reasonable probability Plaintiff will incur in the future; and

  e.   all other elements of damage to which Plaintiff may show herself to be entitled to under law.

## VIII.  Interest

8.1     Plaintiff seeks to recover pre-judgment and post-judgment interest as allowed by law.

FOR THESE REASONS, Plaintiff requests that the Defendants be cited in terms of law to appear and answer herein and that upon final trial and hearing, Plaintiff have and recover from Defendants, Termorris Q. Coleman and Montgomery Transport, LLC,

damages in accordance with the evidence; costs of court herein expended; interest to which Plaintiff is justly entitled under the law, both pre- and post-judgment; actual damages; compensatory damages; and such other further relief, both general and special, both at law and in equity, to which Plaintiff may be justly entitled.

                    **THE LAW OFFICE OF**
                    **DANIEL D. HOROWITZ, III, PC**

            By: ___*/S/ DANIEL D. HOROWITZ, III*
                    DANIEL D. HOROWITZ
                    State Bar No. 24036804
                    SDT No. 33144
                    2100 Travis Street, Suite 280
                    Houston TX  77002
                    832-460-5181
                    832-266-1478 fax
                    daniel@ddhlawyers.com

            **LEAD ATTORNEY FOR PLAINTIFF**

**CO-COUNSEL:**

**UNDERWOOD LAW FIRM**

By: */S/R. COLLIN UNDERWOOD*
     R. Collin Underwood
     State Bar No.  24034056
     P.O. Box 1138
     324 West Panola
     Carthage, Texas 75633
     903.693.2303
     903.693.2356 fax
     collin@underwoodlawoffice.net